19 F.3d 1427
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
George LABONTE, Defendant, Appellant.
 No. 93-1726
 United States Court of Appeals, First Circuit.
 March 22, 1994
 
 Appeal from the United States District Court for the District of Maine
 Diane Powers on brief for appellant.
 Jay P. McCloskey, United States Attorney, and Michael M. DuBose, Assistant United States Attorney, on Memorandum in Support of Motion to Dismiss, for appellee.
 D.Me.
 DISMISSED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant-appellant George Labonte pled guilty to possession with intent to distribute cocaine and distribution of it. See 21 U.S.C. Secs. 841(a)(1). The district court determined that Labonte is a career offender under the Sentencing Guidelines and sentenced him accordingly. Labonte challenges his sentence, claiming that the district court erred in denying his motion for a downward departure, pursuant to U.S.S.G. Sec. 4A1.3, on the grounds that his criminal history category (VI) over-represented the seriousness of his criminal record. We dismiss for lack of jurisdiction.
 
 
 2
 We have not addressed whether a downward departure pursuant to Sec. 4A1.3 is permissible in a career offender case.[1] We need not resolve this issue here. In United States v. Norflett, 922 F.2d 50, 54 n. 5 (1st Cir. 1990), we stated that to the extent downward departures may be allowable in career offender cases, "they must, at the very least, be premised on the same considerations of meaningful atypicality that apply across the board."[2] In the instant case, the record is clear that the district court assumed that it had the authority to depart from the guidelines. After careful consideration of defense counsel's arguments, however, the district court exercised its discretion not to depart because it found that the "defendant does fit the classic pattern for career offender status." This discretionary decision is unappealable. See United States v. Amparo, 961 F.2d 288, 292 (1st Cir.), cert. denied, 113 S. Ct. 224 (1992) (appeal will not lie from a district court's refusal to depart from a properly calculated sentencing range unless the decision stemmed from the court's mistaken impression that it lacked the authority to depart). Accordingly, the case is dismissed. See Loc. R. 27.1.
 
 
 
 [1]
 A number of other circuits have held that Sec. 4A1.3 authorizes a downward departure when criminal history category VI, assigned pursuant to the career offender guidelines, significantly over-represents the seriousness of a defendant's past criminal conduct and the likelihood of recidivism. See, e.g., United States v. Beckham, 968 F.2d 47, 54 (D.C. Cir. 1992) (citing cases from the 4th, 8th, 9th, and 10th circuits)
 
 
 [2]
 In Norflett, we left for another day the question whether, in view of 23 U.S.C. Sec. 994(h), departures are prohibited in career offender cases. Norflett, 922 F.2d at 54 n. 5